**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

**Civil Action No. 06-126-HRW**

**LOWEVENA VIARS**,                                                          **PLAINTIFF,**

**v.**                              **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits and supplemental security income benefits on June 9, 2004, alleging disability beginning on May 29, 2004, due to broken right arm, narcolepsy and degenerative

1

disc disease in her back (Tr. 59-60).

This application  was denied initially and on reconsideration.  On November 22, 2005, an administrative hearing was conducted by Administrative Law Judge James Quinlivan (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.  At the hearing, William Tanzey, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional

2

capacity and vocational factors, he is not disabled.

On March 15, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-21).

Plaintiff was 46 years old at the time of the hearing decision.  She has a high school education  past relevant work experience consists of work as a seamstress and deli worker (Tr. 54-55).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffered from L4/L5 degenerative disc disease / arthritis, cervical and lumbar spines, sciatica pains (hip), obesity (5 feet and 175 pounds) with shortness of breath (deconditioned smoker), hypersomnia and bilateral wrist weakness / pain, which he found to be "severe" within the meaning of the Regulations (Tr. 19).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20).

The ALJ further found that Plaintiff could not return to her past relevant work  but determined that she has the residual functional capacity ("RFC") to perform light level work, with certain limitations as set forth in the decision (Tr.

3

20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 13, 2006 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10, 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

4

*and Human Services*, 667 F.2d 524, 535 (6ᵗʰ Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6ᵗʰ Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In support of her appeal, Plaintiff argues that the ALJ failed to properly consider the combined impact of her impairments. Yet, she fails to explain what additional analysis should have been conducted by the ALJ. Instead, her argument consists of suggested limitations based upon the diagnoses of record. For example, Plaintiff maintains that she requires a sit/stand option, yet fails to point to any evidence which would support such a limitation. She merely asserts that degenerative disc disease "could certainly cause the walking and standing problems" (Plaintiff's brief, pg. 14). This type of postulation, without any objective support, is insufficient to support a finding of disability. As such, the Court finds Plaintiff argument to be without merit.

Plaintiff also contends that the ALJ did not properly assess her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record. As such, the Court finds Plaintiff argument to be without merit.

In this case, the ALJ found Plaintiff's credibility to be "only fair" (Tr. 16) and that her allegations of disabling pain are "excessive" (Tr. 17) . In doing so, the ALJ pointed to several inconsistencies between Plaintiff's testimony and the medical evidence (Tr. 16-17). For example, although Plaintiff claims she can only lift a gallon, the record is devoid of any such restricted by a physician. Further, despite complaints of back and leg pain, the record reveals only conservative treatment in this regard. Moreover, she testified that the pain is controlled by medication. Although she complains of sleepiness as a side effect of the medication, she has not reported this to her treating physician. Nor has she sought an alternate prescription. These inconsistencies detract from Plaintiff's credibility.

Based upon the record, the Court finds that the ALJ did not err in

6

discrediting Plaintiff's testimony.  The ALJ's evaluation of Plaintiff's credibility is supported by substantial evidence on the record.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 17, 2007.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

7